STATE OF NORTH CAROLINA

COUNTY OF FORSYTH

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 21 CVS 2229

FILED 2021 APR 27 P 1:28
FORSYTH CO., C.S.C.

DEBRA CORBINO,

    Plaintiff,    )

v.    )    **COMPLAINT**

HEALTH CARE SERVICES GROUP,  )

    Defendant    )

---

Now comes the Plaintiff, by and through counsel and complaining of the Defendant and hereby alleges the following:

1. Plaintiff Debra Corbino [hereinafter "Plaintiff"] is a resident of Forsyth County, North Carolina.

2. Upon information and belief, Defendant Health Care Services Group, Inc. [hereinafter "Defendant"] is, a foreign corporation organized and existing under the laws of Pennsylvania and at all times is material hereto duly authorized to conduct business in the state of North Carolina.

3. Upon information and belief, Defendant solicits business for cleaning services and was under contract with Winston-Salem Nursing and Rehabilitation Center, located at 1900 W 1st St, Winston-Salem, NC 27104. At all times relevant herein, Winston-Salem Nursing and Rehabilitation Center was the employer of Plaintiff.

4. On May 26, 2018 [hereinafter "the Date of Incident"], Plaintiff was performing her duties as a CNA at Winston-Salem Nursing and Rehabilitation Center and entered a patient's room to bathe and change the patient.

5. Plaintiff was in the patient's room for approximately 20 minutes. For the duration that Plaintiff was in the patient's room, the door was closed for the patient's privacy.

6. When Plaintiff completed changing the linens and patient, she exited the room to take the soiled linens to the laundry room. As Plaintiff exited the patient's room, she carried the soiled linens in her hands.

7. As she stepped out of the room, Plaintiff encountered water or some other liquid substance on the floor and slipped and fell. She injured both her right shoulder and wrist as a result of her fall.

8. Plaintiff was unaware that an employee of Defendant had mopped the floor and that the floor was still wet. Further Plaintiff did not see liquid on the floor prior to stepping out of the patient's room.

9. Plaintiff did not see any caution or warning signs posted in the hallway or near the patient's room indicating a wet and slippery floor.

10. Plaintiff was not forewarned that the hall was about to be mopped.

11. As a result of the fall, Plaintiff suffered immediate and painful injuries. Plaintiff sustained a fracture of the right wrist, right ulnar tea, right shoulder sprain, and left ankle sprain.

12. As a result of her injuries, Plaintiff underwent medical treatment including physical and occupational therapy and injections.

13. Defendant had notice of, or in the exercise of reasonable care should have noticed the failure to place a wet and slippery or other warning sign where a hallway had just been mopped would constitute a hazard to the Winston-Salem Nursing and Rehabilitation employees, patients and any other person that would reasonably be expected to use such hallway.

14. The hazardous condition that proximately caused Plaintiff to fall was not obvious to a reasonable person in Plaintiff's position.

15. At all times relevant herein, Defendant's employee was acting in the course and scope of their employment and in the furtherance of Defendant's interests

## FIRST CLAIM FOR RELIEF FOR NEGLIGENCE

16. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

17. At all times relevant herein, Defendant owed a duty to all Winston-Salem Nursing and Rehabilitation Center employees, patients and lawful visitors of the rehabilitation center, including Plaintiff, to maintain the floors in a reasonably safe condition.

18. At all times relevant herein, Defendant owed a duty to all Winston-Salem Nursing and Rehabilitation Center employees, patients and lawful visitors of the rehabilitation center, including Plaintiff, to warn about known hazardous conditions that were hidden or not obvious to a reasonable person.

19. At all times relevant herein, Defendant owed a duty to all Winston-Salem Nursing and Rehabilitation Center employees, patients and lawful visitors of the rehabilitation center, including Plaintiff, to correct and eliminate known hazards in the rehabilitation center that were not obvious to a reasonable person in Plaintiff's position.

20. At all times relevant herein, Defendant owed a duty to all Winston-Salem Nursing and Rehabilitation Center employees, patients and lawful visitors of the rehabilitation center, including Plaintiff, to rectify any hazardous conditions after actual or constructive notice of its existence.

21. Defendant, acting by and through its employees, agents, and/or servants, was negligent in that they had a duty to maintain the Winston-Salem Nursing and Rehabilitation Center premises in a safe manner and to warn Winston-Salem Nursing and Rehabilitation Center employees, patients and lawful visitors, and breached this duty in that Defendant:
    a. Failed to exercise ordinary care to maintain the Center's floors in a reasonably safe condition;
    b. Failed to take reasonable precautions to protect Winston-Salem Nursing and Rehabilitation Center employees, patients and lawful visitors, including Plaintiff, from hazards;
    c. Failed to correct and eliminate the hazard of a wet or slippery spot on the floor, which was known or reasonably should have been known, to one or more of Defendant's agents or employees;
    d. Failed to otherwise warn, notify or provide notice to Plaintiff of a hazardous condition that was known, or reasonably should have been known, to one or more of Defendant's agents or employees by placing a cone or warning sign at that location of the fall;
    e. Failed to properly train and/or supervise employees, agents or servants, with regard to proper cleaning procedures to eliminate hazards of slippery floors;
    f. Otherwise failed to act reasonably under the circumstances in ways to be adduced at trial.

22. The knowledge, actual or constructive, of one or more of Defendant's agents or employees of the hazardous condition that proximately caused Plaintiff to slip and fall is imputed to the

Defendant under the doctrine of *Respondeat Superior* because this knowledge was obtained while each agent or employee was acting under the course and scope of his or her employment.

23. At all times alleged herein, Plaintiff was acting as a reasonable and prudent person and did not contribute to her injuries.

24. As a direct and proximate result of Defendant's negligence as described above, Plaintiff suffered and will suffer compensable injuries and damages in excess of $25,000 including: past, present and future medical expenses; and past, present and future pain and suffering, including mental distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. That Plaintiff have and recover judgment against the Defendant for an amount in excess of $25,000 in compensatory damages, together with interest from the date suit was instituted as allowed by law;

2. That all costs of this action including reasonable attorneys' fees be taxed to the Defendants as permitted by NCGS §6-21.1;

3. That Plaintiff have and recover pre-judgment interest as allowed by N.C.G.S. § 24-5;

4. That this matter be tried by a jury; and

5. For such other and further relief as the Court may deem just and proper.

This the 13th day of April, 2021.

DEUTERMAN LAW GROUP

*M Cybulski*

Michele Cybulski (NC Bar #39617)
Attorney for Plaintiff
3524 Lawndale Drive
Greensboro, North Carolina 27408
Tel: (336) 373-1130
Fax: (336) 373 – 1466
Email: michele@deutermanlaw.com